IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI KOURANI, #79196-054                          )
                                                 )
               Plaintiff,                        )
                                                 )
v.                                               )   No. 21-CV-1721
                                                 )
DAN SPROUL, E. HARBISON, and R. PASS,            )
                                                 )
               Defendants.                       )

## NOTICE OF REMOVAL

The defendants, Dan Sproul, E. Harbison, and R. Pass, in their official capacities, by their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Laura J. Jones, Assistant United States Attorney, notify this Court that pursuant to 28 U.S.C. § 2679, and alternatively pursuant to 28 U.S.C. §1442(a)(1), the above-entitled case is hereby removed from the Circuit Court of the First Judicial Circuit, Williamson County, Illinois.

1.     Plaintiff is an inmate incarcerated at the United States Penitentiary in Marion, Illinois, in the Communication Management Unit. Plaintiff named as defendants Dan Sproul, E. Harbison, and R. Pass in a civil action he filed in the Circuit Court of the First Judicial Circuit, Williamson County, in the State of Illinois, entitled *Ali Kourani v. Dan Sproul, et al.,* No. 21-L-148. A copy of the state court complaint, application for waiver of fees, order granting the waiver of fees, and docket are attached as Exhibit A.  Defendants, Dan Sproul, E. Harbison, and R. Pass have not been served, and no trial date has been set.

2.     In his complaint, plaintiff alleges that defendants committed violations of Illinois state law for negligence, medical malpractice, civil conspiracy, and intentional infliction of emotional distress. *See* Ex. A, Complaint ¶¶ 1, 26-29. Plaintiff also alleges that defendants have

violated plaintiff's right to be free from cruel and unusual punishment by denying the plaintiff timely and adequate medical care. *Id.* ¶ 24.

3.    At the time of the events giving rise to the complaint, defendants were employees of the Bureau of Prisons.

4.    Under the Westfall Act, codified in part, at 28 U.S.C. §2679(b)(1), the remedy against the United States provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim."

5.    When a federal employee is sued, the Westfall Act empowers the Attorney General of the United States to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. *See* 28 U.S.C. §§ 2679(d)(1), (d)(2).

6.    Pursuant to 28 U.S.C. § 2679(d)(2),

[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposed of removal.

7.     A United States Attorney is permitted to issue such certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). The United States Attorney may and has delegated such certification to the Chief of the Civil Division whose certification is attached as Exhibit B.

8.     The United States Attorney, by his designee, has thus certified that, at the time of the events giving rise to the complaint, defendants Dan Sproul, E. Harbison, and R. Pass were employees of the BOP acting within the scope of their federal employment. *See* Ex. B.

9.     As the Supreme Court has explained, "[w]hen a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley,* 549 U.S. 225, 229–30 (2007) (quoting 28 U.S.C. § 2679(d)(2)). Once the Attorney General certifies that the defendant federal officer was acting within the scope of his office at the relevant time, the statute itself provides that the United States "shall" be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2); *see also Osborn,* 549 U.S. at 230 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."); *id.* at 252 ("Upon certification, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." (quoting 28 U.S.C. § 2679(d)(2) (ellipsis in original)). "[T]he Westfall Act certification must be respected unless and until the District Court determines that [the federal officer], in fact, engaged in conduct beyond the scope of his employment," *Osborn,* 549 U.S. at 251 (original italics omitted); *id.* at 231 ("The United States, we hold, must remain the federal defendant in the action unless and until the District Court determines that the

employee in fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." (original italics omitted)).

10.     Under the Federal Tort Claims Act, federal district courts have exclusive jurisdiction over claims against the United States arising out of torts allegedly committed by federal employees acting within the scope of their federal employment. 28 U.S.C. §§ 1346(b)(1), 2671-2679. Accordingly, the proper defendant in such an action is the United States, not individually named federal employees. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States.").

11.     This action is one which may be removed pursuant to 28 U.S.C. § 2679(d)(2). Under 28 U.S.C. § 2679(d)(2), an action may be removed "at any time before trial."

12.     Alternatively, and to the extent that the Court construes any claims as properly brought pursuant to 28 U.S.C. § 1331, removal of this case is also appropriate pursuant to 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) provides in relevant part that:

(a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of crimes . . .

Section 1442(a)(1) removals are governed by the procedures in 28 U.S.C. § 1446.

4

13. Defendants have federal defenses not limited to the following: 1) plaintiff failed to serve defendants; 2) plaintiff failed to exhaust his administrative remedies; 3) defendants have qualified immunity from suit; 4) one or more of plaintiff's claims may be barred by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017); 5) plaintiff has failed to state a claim for which relief may be granted; 6) lack of personal jurisdiction; 7) lack of subject matter jurisdiction; 8) "[i]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction had suit originated there." *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020). The doctrine of derivative jurisdiction, in turn, operates as a mandatory procedural bar to this federal court's exercise of judicial authority. *Id.*

14. All proceedings should be stayed pending this Court's threshold review pursuant to 28 U.S.C. § 1915A. Southern District of Illinois Administrative Order Number 244 provides that where the Court enters a "Merit Review Order" pursuant to 28 U.S.C. § 1915A, the defendant should respond to the "Merit Review Order" as opposed to the complaint filed by the prisoner. *See* Administrative Order No. 244. In Re: Answers in Pro Se Prisoner and Detainee Cases Subject to Merit Review (S.D. Ill. June 10, 2019).

15. The United States will mail a copy of this Notice of Removal to all parties who have appeared in the state court action and shall file a copy of this Notice of Removal in the state case by sending it to the Clerk of Court, First Judicial Circuit, Williamson County, Illinois.

16. Nothing in this Notice of Removal shall constitute a waiver of plaintiff's service obligations under Rule 4 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants remove this action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 2679(d)(2) and request that the United States

be deemed as, and substituted for, the defendants for purposes of these claims. Alternatively, and to the extent that any claims may be considered constitutional, defendants remove this action pursuant to 28 U.S.C. § 1442(a)(1).

ATTORNEYS FOR DEFENDANTS

STEVEN D. WEINHOEFT
United States Attorney

s/ Laura J. Jones
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-Mail: Laura.Jones@usdoj.gov

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI KOURANI, #79196-054                          )
                                                 )
                Plaintiff,                       )
                                                 )
v.                                               )        No. 21-CV-1721
                                                 )
DAN SPROUL, E. HARBISON, and R. PASS,            )
                                                 )
                Defendants.                      )

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

        N/A

and I hereby certify that on December 20, 2021, I mailed by United States Postal Service, the document(s) to the following non-registered participant:

        Ali Kourani
        Reg. No. 79196-054
        U.S. Penitentiary
        P.O. Box 1000
        Marion, IL 62959

                                        s/ *Laura J. Jones*
                                        LAURA J. JONES
                                        Assistant United States Attorney

7