IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALI KOURANI, #79196-054, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-cv-01721-JPG |
| | ) |
| DAN SPROUL, | ) |
| E. HARBISON, | ) |
| R. PASS, and | ) |
| USA, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ali Kourani, an inmate in the custody of the Federal Bureau of Prisons (FBOP), filed suit in Williamson County, Illinois Circuit Court on November 9, 2021. (Doc. 1-1). He asserted claims against federal officers at the United States Penitentiary in Marion, Illinois (USP-Marion), for denying him medical care for ongoing pain and injury to his left ankle in violation of the Eighth Amendment and pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also asserted claims against these individuals for medical malpractice, negligence, civil conspiracy, and intentional infliction of emotional distress in violation of Illinois law.

Defendants removed the action to this federal court pursuant to the Westfall Act, 28 U.S.C. § 2679, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1) on December 20, 2021. (Doc. 1). At screening, this Court allowed two Eighth Amendment claims (Counts 1 and 2) against the officers to proceed, while converting the state law tort claims to four separate counts under the Federal Tort Claims Act (Counts 3 through 6) and allowing them to proceed against the United States in place of the individual officers. (Doc. 12).

1

Defendants moved for summary judgment based on Kourani's failure to exhaust administrative remedies before filing suit or, alternatively, on immunity and other grounds. (Doc. 31). Kourani filed a response in opposition to the motion. (Doc. 32). As explained below, the motion shall be **DENIED** with respect to the Eighth Amendment claims (Counts 1 and 2) and **GRANTED** with respect to the FTCA claims (Counts 3, 4, 5, and 6). With one exception, Defendants' motion for summary judgment on alternative grounds shall be **DENIED** without prejudice at this time.

## BACKGROUND

Kourani suffers from several serious medical conditions,[1] including pain in his back, legs, and ankles when ambulating. (Doc. 1). Before transferring to USP-Marion, he was issued ankle braces and wore them to support both ankles while staying active. In transit to USP-Marion, the braces were confiscated. *Id*.

Kourani injured his ankle playing volleyball on May 18, 2021. *Id*. at 2-3. The injury left him bedridden for five days. *Id*. In the months that followed, he regularly complained of ongoing injuries and pain to Defendants Sproul, Harbison, and Pass and showed Harbison and Pass his bruised and swollen left ankle on July 14, 2021. *Id*. at 4. Even so, he was denied medical treatment. Kourani maintains that he did not receive a left ankle brace or bandage until his left foot was finally x-rayed on October 28, 2021. *Id*.

The Complaint survived screening under 28 U.S.C. § 1915A on an Eighth Amendment denial of medical care claim for money damages under *Bivens* against the Defendants Sproul, Harbison, and Pass, in their individual capacities (Count 1); an Eighth Amendment claim for

---

[1] He is also diagnosed with anxiety and depression and relies on prescription medication to manage these conditions.

2

injunctive relief against the current prison warden (Warden Sproul) in his official capacity (Count 2); and four separate claims for money damages under the Federal Tort Claims Act (FTCA) against the United States arising from medical malpractice (Count 3), negligence (Count 4), civil conspiracy (Count 5), and intentional infliction of emotional distress (Count 6).

## MOTION FOR SUMMARY JUDGMENT

Defendants filed for summary judgment on four grounds. (Doc. 31). First, they maintain that Kourani's claims against all individual defendants and the United States are subject to dismissal based on Kourani's failure to exhaust his administrative remedies before bringing this lawsuit. As for the *Bivens*-type claims in Counts 1 and 2, Defendants assert that Kourani filed five grievances or appeals that were untimely or submitted at the wrong level. As for the FTCA claims in Counts 3 through 6, Defendants claim that Kourani filed suit before the expiration of the six-month processing period for his tort claim (Standard Form 95 (SF-95)). Second, Defendant Harbison asserts that she is absolutely immune from liability and suit pursuant to 42 U.S.C. § 233 because she is a Public Health Service officer who was acting within the scope of her employment at all relevant times. Third, Defendants assert that Kourani failed to support the FTCA claims for medical malpractice (Count 3) and negligence (Count 4) with the affidavit or certificate of merit required under 735 ILCS § 5/2-622. Finally, Defendants argue that the Eighth Amendment claims are foreclosed by *Egbert v. Boule*, 142 S. Ct. 1793 (2022). For each of these reasons, Defendants seek dismissal of Counts 1 through 6.

## RESPONSE

Kourani opposes summary judgment. (Doc. 32). As for Counts 1 and 2, Kourani argues that he exhausted all *available* remedies using the FBOP's administrative remedies process, but Defendants interfered with his efforts to exhaust at each level and rendered the process unavailable

to him.  As for Counts 3 through 6, Kourani admits that he filed suit in state court against the individual defendants just two months after filing notice of his tort claim using an SF-95.  However, he argues that his FTCA claims are saved by the substitution of the United States as a defendant in connection with the converted FTCA claims *after* the six-month period for processing his SF-95 expired.   He further asserts that all other grounds for summary judgment are premature and should be addressed at a later stage of litigation.

## APPLICABLE LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  The Seventh Circuit Court of Appeals demands strict compliance with the exhaustion rules.  *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).   In order to properly exhaust his administrative remedies, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust his . . . remedies."  *Pozo*, 286 F.3d at 1024.  "The exhaustion requirement is an affirmative defense which the defendants bear the burden of proving."  *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).

4

ANALYSIS

**A.     Counts 1 and 2**

As an inmate in the FBOP,[2] Kourani must follow the FBOP's Administrative Remedy Program described in 28 C.F.R. §§ 542.10-.19 and institution-specific supplemental procedures in order to exhaust his administrative remedies for Counts 1 and 2.  In its normal course at USP-Marion, the grievance process involves four steps:

> **Step 1:** The inmate shall attempt informal resolution by presenting his complaint to a member of the staff.  28 C.F.R. § 542.13.  A **BP-8** is used to document a complaint and the prison's version of this form provides the following: "<u>NOTICE:</u> You are advised that prior to filing a Request for Administrative Remedy [BP-9], you **MUST** attempt to informally resolve your complaint through your counselor."
>
> **Step 2:** If informal attempts do not resolve the matter, the inmate must submit an Administrative Remedy Request on a **BP-9** form within "20 calendar days following the event on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).  The Administrative Remedy Request must be answered by the warden of the institution where the inmate is located.  *Id*.
>
> **Step 3:** If the inmate is not satisfied with the Warden's response to the Administrative Remedy Request, the inmate may appeal the Warden's decision to the Regional Director using a **BP-10** form submitted within 20 calendar days of the Warden's response date.  28 C.F.R. § 542.15.
>
> **Step 4:** If the inmate remains dissatisfied with the Regional Director's response to the appeal, the inmate may appeal once more to the FBOP General Counsel using a **BP-11** form submitted within 30 calendar days of the Regional Director's response.  28 C.F.R. § 542.15.  An appeal to the FBOP General Counsel is the final step in the administrative review process, and the inmate's remedies are deemed exhausted when he receives a response from the FBOP General Counsel or upon the expiration of the General Counsel's response time.

An extension of any of these deadlines is proper if a "valid reason for delay" exists, including "an unusually long period taken for informal resolution attempts."  28 C.F.R. §§ 542.14(b), 542.15(a).

---

[2] The exhaustion requirement applies to both state and federal inmates. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

FBOP regulations specify the response time for Administrative Remedy Requests and Appeals. 28 C.F.R. § 542.18. A warden must respond to an Administrative Remedy Request (BP-9) within 20 calendar days;[3] a Regional Director must respond to an appeal (BP-10) within 30 calendar days; and the General Counsel must respond to an appeal (BP-11) within 40 calendar days. *Id*. FBOP staff may extend the deadlines after notifying the inmate in writing. *Id*. If the designated FBOP employee fails to timely respond, the inmate "may consider the absence of a response to be a denial at that level." *Id*.

At any level, the Coordinator may reject and return a defective Request or Appeal without a response. 28 C.F.R. § 542.17(a). However, the inmate is entitled to written notice of the reason for the rejection. 28 C.F.R. § 542.17(b). If the defect can be corrected, the notice shall inform the inmate of a reasonable time extension for correcting the defect and resubmitting the Request of Appeal. *Id*. And, if the inmate is not given an opportunity to correct the defect, "the inmate may appeal the rejection" to the next appeal level. 28 C.F.R. § 542.17(c).

Clear issues of material fact surrounding Kourani's exhaustion of his administrative remedies for Counts 1 and 2 preclude summary judgment at this time. The Court has reviewed the grievance records submitted in connection with these claims and determined that material factual disputes surround each of Kourani's five grievances or appeals. Kourani asserts that the defendants ignored or refused his requests for a BP-8 form in June and July 2021, and the defendants dispute this.[4] (*See* Docs. 32-1, 32-2, and 32-3, pp. 1-6). As a result, his BP-9 was improperly rejected as untimely for his ongoing injury and pain in August 2021, and Kourani

---

[3] When the BP-9 presents an emergency that threatens the inmate's immediate health or welfare, the Warden shall respond no later than the third calendar day after filing. *See* 28 C.F.R. § 542.18

[4] Kourani further asserts that the BP-8 addressing his untreated and ongoing injury to the left ankle was erroneously rejected based on provision of a *right* ankle brace one month before his *left* ankle injury even occurred.

alleges that he did not receive notification of this rejection until two-plus months after the decision. (Docs. 32-4 and 32-5).  Kourani submitted a BP-10 that he claims was ignored altogether, while the defendants maintain that he skipped this step (and then filed an appeal at the wrong level). (Doc. 32-6).  Finally, according to Kourani, the BP-11 was improperly rejected as submitted at the wrong level on two separate occasions.  (Docs. 32-7, 32-8, and 32-9).  Defendants dispute each of these assertions.

Given these material factual disputes, summary judgment on Counts 1 and 2 shall be denied.  Resolving the issue of whether Kourani exhausted his available administrative remedies for these claims, or if his failure to exhaust was innocent,[5] requires a hearing as described in *Pavey*, 544 F.3d 739.  If Defendants would like to pursue this affirmative defense for failure to exhaust administrative remedies any further at this point, they must request a *Pavey* hearing within fourteen days.  If the defendants do not request a *Pavey* hearing by this deadline, their affirmative defense based on exhaustion of administrative remedies will be deemed waived, and the Court will enter a new Scheduling and Discovery Order lifting the stay on merits discovery.

**B.     Counts 3 through 6**

Federal prisoners may bring suit against the United States under the FTCA for injuries they sustain during their incarceration based on the wrongful act of a federal employee.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  However, they must first present the claim to the federal agency responsible for the injury for consideration and a final denial before filing suit. 28 U.S.C. § 2675(a); *see Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019).  According

---

[5] *See Robertson v. Moldenhauer*, 2023 WL 4466240, at *6 n. 4 (S.D. Ill. July 11, 2023) (stating "*Pavey* provides that an 'innocent' failure to exhaust includes situations where prison officials prevent prisoners from pursuing exhaustion of their administrative remedies.  544 F.3d at 742.  Further, if an inmate submits a grievance and does not receive a response, the inmate's attempts at exhaustion will be deemed thwarted, and the inmate will be allowed to proceed with the lawsuit. . . .").

to § 2675(a), "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id*. If a plaintiff has failed to exhaust his or her administrative claim before filing suit, the FTCA claims must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

Kourani has failed to properly exhaust his remedies for the FTCA claims at issue in Counts 3 through 6. His SF-95 was received by the North Central Regional Office on or around September 14, 2021, making the FBOP's response due six months later on March 13, 2022. Before receiving a response, Kourani filed suit in state court alleging claims for violations of his rights under the Eighth Amendment and Illinois state law on November 9, 2021. Defendants then removed the action to this federal district court.

The Westfall Act establishes a procedure "by which an FTCA action that is filed in the wrong forum (such as state court here) will be removed by the Attorney General to federal district court, at which point the United States is substituted as defendant, the case is dismissed for failure to exhaust administrative remedies, and the plaintiff gets a second chance to file the FTCA claim with the appropriate federal agency." *Brooks v. HSHS Medical Group, Inc.*, 513 F. Supp. 3d 1069 (S.D. Ill. 2021) (quoting *Huertero v. United States*, 601 F. App'x 169, 171 (3d Cir. 2015) (citing 28 U.S.C. § § 2679(d)). Under the Westfall Act's Savings Clause, a plaintiff's FTCA claim will not be time-barred, if: (1) it would have been timely had it been filed on the date that the wrongly filed action was brought; and (2) is presented to the correct federal agency within sixty days of the federal district court's dismissal of the FTCA claims in this civil action. *See* 28 U.S.C. § 2679(5)(A)-(B).

Consistent with this procedure, Kourani's state court action was removed to this federal

district court, the United States was substituted in place of the individual defendants in Counts 3 through 6, and the FTCA claims shall be dismissed without prejudice for failure to exhaust administrative remedies.

### C.     Alternative Grounds for Relief

Defendants seek summary judgment on three other grounds.  First, Defendant Harbison maintains that she should be dismissed from this action with prejudice.  As a member of the United States Public Health Service since 2012 who was acting within the scope of her employment at all times relevant to this action, Harbison claims she is absolutely immune from liability and suit pursuant to 42 U.S.C. § 233 and seeks summary judgment on this basis.   Kourani did not respond to the substantive argument and instead argued that the summary judgment motion on this ground was premature.   It is true that the defendants raised the argument when filing their motion for summary judgment on the issue of exhaustion, but this does not mean they are precluded from doing so.   Rule 56(b) of the Federal Rules of Civil Procedure allows a summary judgment motion "at any time until 30 days after the close of all discovery."  FED. R. CIV. P. 56(b). And, a nonmovant's failure to properly address the movant's assertion of fact as required by Rule 56(c) may be deemed an admission of that fact for purposes of the motion.   FED. R. CIV. P. 56(e). **<u>Given Kourani's failure to dispute any facts offered in support of Defendant Harbison's motion, the Court shall deem those facts admitted and grant the request for summary judgment on this basis, if Kourani does not file written Notice of Objection that identifies each of the factual disputes and reasons for opposing this motion within fourteen days</u>**.

Second, Defendants seek summary judgment on the FTCA claims arising from medical malpractice (Count 3) and negligence (Count 4).   These claims are being dismissed on exhaustion grounds.   However, the Court notes that Rule 56(b) allows a summary judgment motion "at any

time," just as Rule 56(d) authorizes a district court to grant extra time to a nonmovant who still needs to gather essential evidence in support of a claim. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Summary judgment on this ground shall be denied without prejudice.

Third, Defendants seek dismissal of the Eighth Amendment medical claim for money damages in Count 1 and the related claim for injunctive relief in Count 2 based on the United States Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). This Court has previously held that this type of claim does not represent a departure from the Eighth Amendment claim previously allowed to proceed in *Carlson v. Green*, 446 U .S. 14 (1980). The Court finds that this claim presents no new context and touches upon no special factors that counsel hesitation in expanding the implied damages remedy recognized in *Bivens* and *Carlson* into this sphere. Summary judgment on this alternative ground shall also be denied without prejudice.

As explained above, material issues of fact surrounding the availability of administrative remedies at USP-Marion warrant denial of summary judgment on Counts 1 and 2. However, the undisputed facts show that Kourani failed to exhaust his available administrative remedies for his FTCA claims, entitling the defendants to summary judgment on Counts 3, 4, 5, and 6. Therefore, the motion for summary judgment on the issue of exhaustion shall be **GRANTED in part and DENIED in part**. Defendant Harbison's motion for summary judgment under 42 U.S.C. § 233 is currently unopposed, and the facts offered in support of it will be deemed undisputed, and the motion granted, unless Kourani files Notice of Objection within fourteen (14) days.

### DISPOSITION

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 31) is **DENIED** as to **COUNTS 1** and **2** and **GRANTED** as to **COUNTS 3, 4, 5,** and **6**. **COUNTS 3, 4, 5,** and **6** against Defendant **UNITED STATES** are **DISMISSED**

without prejudice.  The Clerk's Office is **DIRECTED** to **TERMINATE** the United States as a party in CM/ECF.

  **IT IS ORDERED** that Defendants' Motion for Summary Judgment based on Kourani's non-compliance with 735 ILCS § 5/22-622 for Counts 3 and 4 and because Counts 1 and/or 2 are foreclosed by the *Egbert* decision is **DENIED** without prejudice.

  **IT IS ORDERED** that Defendant Harbison's Motion for Summary Judgment arising from her claim of absolute immunity under the Public Health Services Act and 42 U.S.C. § 233 shall be **GRANTED**, unless Kourani files Notice of Objection on or before **August 10, 2023**, that identifies each of the factual disputes and reasons for opposing this motion.  **Failure to file Notice of Objection by this deadline and in compliance with this Order will be result in a finding that all facts offered by Defendant Harbison in support of the motion are undisputed and summary judgment in her favor, if appropriate.**

  On or before **August 10, 2023**, Defendants must file a Notice with the Court either withdrawing their affirmative defense based on exhaustion of administrative remedies for Counts 1 and 2 or requesting a *Pavey* hearing.  **Failure to file Notice by this deadline and in compliance with this Order will result in a waiver of this affirmative defense for Counts 1 and 2.**

  **IT IS SO ORDERED.**

  **DATED: 7/27/2023**

                    s/ J. Phil Gilbert
                    **J. PHIL GILBERT**
                    **United States District Judge**

**NOTICE TO PLAINTIFF**

This Order is an initial decision that you have presented enough evidence to refute the defendant(s) arguments about the exhaustion of administrative remedies for one or more of your claims in this lawsuit. The defendant(s) now have the choice to withdraw their exhaustion argument, or to ask for a hearing to give more evidence about this issue. If the defendants withdraw the defense, you will get a scheduling order for next steps on the merits of your claims. If the defendants ask for a hearing, you will get an order that will explain next steps to prepare for the hearing. Any hearing will be limited strictly to the 'dispute(s) of material fact' specifically identified in this Order. You will not need to present evidence on anything other than what is specifically identified. If a hearing is scheduled, you will be allowed to present evidence and testimony on your own behalf. Details about a future hearing will be provided by future order if one is scheduled. You do not need to do anything now. The Defendants have 14 days to file a motion about what they want to do. You will get a copy of that motion, and you will get further instructions once the Defendants have filed their motion. Please be aware that there can be delays in the mailing of copies, so you should wait at least 30 days before asking for the status of this matter.