IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALI KOURANI, #79196-054, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01721-JPG |
| | ) |
| DAN SPROUL | ) |
| E. HARBISON, | ) |
| AND R. PASS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Defendant Harbison's Motion for Summary Judgment is, once again, before the Court. (Doc. 31). Defendant Harbison maintains that she is absolutely immune from liability and suit under 42 U.S.C. § 233 because she is a United States Public Health Service officer who was acting within the scope of her employment at all times relevant to this action. On July 27, 2023, the Court ordered Plaintiff to file an objection to any facts set forth in support of this motion no later than August 10, 2023. Plaintiff made no objection. Accordingly, Defendant Harbison's request for summary judgment on this ground is **GRANTED**, and the *Bivens* claims in Counts 1 and 2 against Defendant Harbison, in her individual capacity, shall be **DISMISSED with prejudice**.

## DISCUSSION

This case now focuses on two Eighth Amendment claims (Counts 1 and 2) brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against three individual federal officers (Dan Sproul, E. Harbison, and R. Pass) who allegedly denied Plaintiff medical care for ongoing pain and injuries to his left ankle at the United States Penitentiary in Marion, Illinois (USP-Marion). (Doc. 47). Defendant Harbison seeks dismissal from this action with prejudice pursuant to 42 U.S.C. § 233. Under this authority, United States Public Health Service (USPHS)

officers are immune from *Bivens*-type suits arising from medical decisions rendered within the scope of their office or employment. 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) ("Based on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct."). This statute's protection is triggered by two events: (1) the defendant must be a commissioned officer or employee of the United States Public Health Service; and (2) the defendant must have acted within the scope of his or her office or employment during the relevant time period. 42 U.S.C. § 233(a). Defendant Harbison asserts that she has been a member of the United States Public Health Service since 2012 and was acting within the scope of her employment at all times relevant to this action. (Doc. 31, pp. 10-11; Doc. 31-4, ¶¶ 1-3).

Plaintiff offered no response to this argument in his initial briefing, instead taking the position that the motion was premature. In a footnote, however, Plaintiff admitted that "[t]o the extent the Court finds that Defendant Harbison's claimed immunity is properly raised, Plaintiff is currently unaware of a basis to dispute the assertion of immunity." (*See* Doc. 32, n. 3). In an Order entered July 27, 2023, this Court explained that Rule 56(b) of the Federal Rules of Civil Procedure allows a summary judgment motion "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Because Plaintiff missed the opportunity to object to the substance of this motion, the Court granted him additional time to respond and warned him that failure to oppose the motion would be deemed an admission of all facts set forth therein. *See* FED. R. CIV. P. 56(e). Plaintiff filed no Notice of Objection prior to the deadline on August 10, 2023.

Accordingly, the Court deems Defendant Harbison's proposed findings of fact admitted. According to the declaration submitted with her pending motion, Defendant Harbison was a commissioned officer for the USPHS during the relevant time period. (Doc. 31-4, ¶¶ 2-3). She made decisions regarding the care of Plaintiff's pain and injuries to the left ankle during the course of this employment. *See Houston v. United States*, 2014 WL 5423495, at *4 (N.D. Ill. Oct. 22,

2014) ("Whether a federal employee was acting within the scope of his employment is a legal question that is decided under state law.") (citing *Snodgrass v. Jones*, 957 F.2d 482, 484 (7th Cir. 1992); *Toboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) (Under Illinois law, an act by an employee falls within his scope of employment if "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master."). Given these unopposed facts, the Court finds that Defendant Harbison is immune from suit under 42 U.S.C. § 233.

### DISPOSITION

**IT IS ORDERED** that Defendant Harbison's Motion for Summary Judgment (Doc. 31) pursuant to 42 U.S.C. § 233 is **GRANTED**. Counts 1 and 2 are **DISMISSED** with prejudice against this defendant. Because no other claims are pending against her, the Clerk's Office is **DIRECTED** to **TERMINATE** Defendant E. Harbison as a party in CM/ECF. Judgment shall enter accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: 8/15/2023**

s/J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**
